(C.D. 3761)

CASTELAZO & ASSOCIATES 
FISCHER BEARINGS ET AL. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [not published] April 3,1969)

*Lawrence & Tuttle* (*Robert Glenn White* of counsel) for the plaintiffs.
*William D. Ruckelshaus,* Assistant Attorney General (*Brian S. Goldstein,* trial attorney), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The customs authorities at the port of Los Angeles assessed duty upon certain imported metal water pump shaft assemblies at 11 or 10½ per centum ad valorem, depending upon the date of entry, pursuant to the provisions of paragraph 369(c) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for parts of automobiles.

The plaintiffs challenge that assessment by protest contending that the importations are dutiable at only 8¾ per centum ad valorem, as parts of internal-combustion engines of the carburetor type, within the scope of paragraph 353 or paragraph 372 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

The respective pertinent provisions here involved read as follows:

Paragraph 369 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

(a) Automobile trucks valued at $1,000 or more
 each, * * *

(b) All other automobiles, * * *

(c) Parts (except tires and inner tubes and except
 parts wholly or in chief value of glass), fin-
 ished or unfinished, not specially provided for,
 for any of the articles described in item 369(a)
 or 369(b) in this Part_____ 11% ad val. or
 10½% ad
 val.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, *supra:*

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

\* \* \* \* \* \* \*

Internal-combustion engines, carburetor type____ 8¾% ad val.

Paragraph 372 of the Tariff Act of 1930, as modified by T.D. 52739, *supra:*

Machines, finished or unfinished, not specially provided for:

\* \* \* \* \* \* \*

Internal-combustion engines of the carburetor type _____ 8¾% ad val.

\* \* \* \* \* \* \*

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part:

\* \* \* \* \* \* \*

Other _____ The rate for the article of which they are parts

It is the contention of plaintiffs, predicated upon the principles of *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831, and *Warehousing Service, Inc.* v. *United States*, 56 Cust. Ct. 320, C.D. 2643, that the internal-combustion engines of which the water pump shaft assemblies here involved are parts are not dedicated for use in automobiles, and therefore that said assemblies are not parts of automobiles.

Defendant counters with the argument that plaintiffs have failed to establish that the engines which utilize the importations are not parts of automobiles nor practically or commercially dedicated to automotive vehicles, and hence that the evidence fails to overcome the presumption of correctness attaching to the collector's classification.

This is a presumption which applies in classification cases. It has the effect of a preliminary finding that the facts upon which the classification rests, and the classification itself, are true and correct, and the party who seeks to overcome that classification is charged with the burden of proving otherwise. *Atlantic Aluminum & Metal Distributors, Inc.* v. *United States*, 42 Cust. Ct. 37, C.D. 2063, affirmed 47 CCPA 88, C.A.D. 735, *United States* v. *John A. Steer Co.*, 46 CCPA 132, C.A.D. 715.

As applied to the instant case, in the light of the provisions invoked by the customs authorities and the principles of the *Ford* and *Warehousing Service* cases, *supra*, the issue to be determined here is whether the record before us contains sufficient evidence to establish that the internal-combustion engines of which the imported assemblies are parts are not dedicated to automotive uses.

The case record consists of the oral testimony of two witnesses, a photographic representation of the articles at bar, and a schematic drawing illustrating their use.

Plaintiffs' witness, William E. Davis, was the salesman, engineer and owner of the plaintiff-importer, Fischer Bearing Manufacturing Company. During the ten-year operation of the company, it has imported ball roller bearings, high friction bearings and shaft assemblies. Davis ordered and purchased the shaft assemblies here at issue. He described them as integral shaft assemblies that function as parts of the cooling system of internal-combustion engines. Apparently, the water pump and fan of the cooling system are driven by the integral shaft assemblies. The witness stated that these shafts are used in industrial engines, automobile engines and tractor engines. The variation in design of the several shafts is indicated by the invoice item numbers covering the imports which are intended for installation in a variety of engines, and the variations indicate the several makes of engines in which the shafts are intended to be installed.

The shaft assemblies identified by the witness [1] by item number, make of engine and model years of use, are as follows:

| Item | Make | Model Years of Use |
|---|---|---|
| 2406–1 | Oldsmobile and | 1937 – 1948 |
| | Pontiac | 1933 – 1963 |
| 2428 | Buick | 1953 – 1955 |
| 2439 | Chevrolet | 1941 – 1964 |
| | John Deere Tractor | 1946 – 1960 |
| 2440–1 | Fordson Tractor | |
| 2446 | Buick | 1950 – 1953 |
| | | 1957 & 1958 |
| | Case Tractor | 1948 – 1963 |
| 2468 | Chevrolet | 1958 & 1964 |
| | Chevrolet truck | |
| 2476 | Ford | 1942 – 1954 |
| 2503–4 | Nash | 1956 & 1957 |
| | Oldsmobile | 1949 – 1962 |
| 2543 | Pontiac | 1939 – 1954 |

---

[1] The other items identified by the witness but not listed have been abandoned by plaintiffs in their brief.

| Item | Make | Model Years of Use |
|---|---|---|
| 2562 | Allis Chalmers | |
| | Tractor | 1958 – 1963 |
| | Edsel | 1959 & 1960 |
| 2637 | Chevrolet | 1955 – 1962 |
| 2637–1 | Chevrolet | 1955 – 1962 |
| 3481–1 | Chrysler | 1936 – 1964 |
| 3481–2 | Chrysler Marine Engine Installation | |
| 3481–4 | Chrysler | 1955 – 1956 |
| | Chrysler industrial truck fork lift co-op tractor | 1938 & 1939 |
| 4503 | Chrysler Industrial Engine | 1939 – 1956 |

The witness further stated that during his ten years' experience he personally observed most of the shaft assemblies being used in cooling units of internal-combustion engines in the field with customers and assisting in installations.

The defendant introduced the testimony of Mr. Edward Snyder, a partner in Moto Parts Exchange Company, an auto parts rebuilding business, which also rebuilds water pumps and fuel pumps. Snyder stated he had been in the business for thirty-one years and daily came in contact with articles similar to those shown in plaintiffs' exhibit 1, as well as the other imported articles. He stated that the use or function of item No. 2440–1 was in a Fordson tractor engine. He also explained that the intended use controlled the design of a water pump shaft. The specifications of each manufacturer control the amount of available space in which to install a water pump and what will be run off the water pump shaft. Accordingly, the different lengths of the various shafts affect their application.

The rule with respect to whether internal-combustion engines and parts thereof are to be considered for tariff purposes as parts of automobiles and/or trucks, or as independent entities *"eo nomine"* provided for in paragraph 353 or 372, as modified, *supra,* has been set forth in the cases of *Ford Motor Company* v. *United States* and *Warehousing Service, Inc., supra.* There it was held that the test of whether or not an item is part of another article depends upon whether or not it has been so dedicated or advanced as to be used only with that article, and as to have no other practical use.

Based upon this record we are of the opinion that the plaintiffs have established *prima facie* that the imported articles bearing invoice item numbers 2439, 2440–1, 2446, 2562, 3481–2, 3481–4 and 4503 are parts of engines which were not dedicated to automotive purposes and the rule as set forth in the *Ford Motor Company* case, *supra,* is applicable.

Although the testimony as to nonautomotive uses of said items was not entirely predicated upon numerous instances of actual observation, it would appear that the personal experience of plaintiffs' witness

with internal-combustion engines has been considerable. The testimony of this witness as to the use of these stated items is persuasive that such use was not unique or unusual. Whereas his statement as to dedication may be considered to be an unsupported conclusion, his testimony of actual use suffices to show that those internal-combustion engines were not dedicated for use in the automotive field. It is also noteworthy that the defendant's witness in part substantiated the nonautomotive uses of certain of these engines.

However, as to all other invoice items, there was no direct testimony to relate the shaft assemblies to multipurpose engines. After due consideration of the record we are convinced that there is a lack of proof that the engines for which the shaft assemblies other than those hereinabove last specified are parts are used to any significant degree for other than automotive purposes. In fact, the testimony of the witness concerning these particular shaft assemblies tends to confirm that they were only employed in automotive engines in the following makes of automobiles: Oldsmobile, Pontiac, Buick, Chevrolet, Ford, Nash and Chrysler.

If they have any other use in nonautomotive applications, the instant record fails to establish it, and the presumption of correctness of the classification of these items as parts of automobiles has not been overcome.

Therefore, we are of the opinion that except as to the item numbers last specified above, the claim for classification of the importations at bar under the provisions of paragraph 353 or 372, as modified, *supra*, as parts of internal-combustion engines of the carburetor type, is without merit. As to said enumerated items, to wit 2439, 2440-1, 2446, 2562, 3481-2, 3481-4 and 4503, the claim that they are parts of internal-combustion engines of the carburetor type, dutiable at the rate of 8¾ per centum ad valorem, as provided in said paragraphs 353 or 372, as modified, *supra*, is sustained.

Judgment will be entered accordingly.